# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY BROOKS,<br><br>                           Petitioner,<br>  vs.<br>FERNANDO GONZALEZ, Warden,<br><br>                          Respondent. | Civil No. 11cv0601-BEN (MDD)<br><br>**ORDER DENYING MOTION FOR**<br>**RELIEF FROM JUDGMENT** |

On March 24, 2011, Petitioner, a state prisoner proceed in pro se, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, presenting a single claim alleging a failure to fulfill the terms of his plea bargain. (Pet. [Doc. No. 1] at 6.) Petitioner also submitted an application to proceed in forma pauperis. (Doc. No. 2.)

On April 12, 2011, the Court denied Petitioner's application to proceed in forma pauperis because Petitioner had sufficient funds in his prison trust account to pay the $5.00 filing fee. (See 4/12/11 Order [Doc. No. 3] at 1-3.) The Court also dismissed the Petition without prejudice because Petitioner had failed to allege that he was in custody in violation of the United States Constitution, but had merely alleged that the terms of his plea agreement had been breached, and had therefore failed to state a claim cognizable on federal habeas. (Id.) Petitioner was informed at that time of the requirement that if he intended to present a federal claim in this Court, he was first required to exhaust his state court remedies by presenting his federal claim to the state supreme court, and was informed that if he wished to proceed with this action he was required

to pay the filing fee or provide adequate proof of his inability to do so and file a First Amended Petition which stated an exhausted, cognizable claim on or before July 5, 2011. (Id. at 3-4.)

Rather than file a First Amended Petition which contained an exhausted, cognizable claim, Petitioner filed a Motion for Stay and Abeyance on June 14, 2011. (Doc. No. 5.) Petitioner indicated that although he had presented his original claim to the state supreme court, he had not alleged in that court that the failure to fulfil the terms of his plea bargain violated his federal rights. (Id. at 1-2.) Petitioner acknowledged that he had therefore failed to exhaust state court remedies as to any federal claim. (Id.) However, he argued that if he was not granted a stay and abeyance, his one-year statute of limitations would expire while he returned to state court to exhaust his claim. (Id. at 2.) Petitioner did not at that time pay the filing fee, did not file a First Amended Petition, and did not renew his motion to proceed in forma pauperis.

On September 20, 2011, the Court denied Petitioner's Motion for Stay and Abeyance on the basis that Petitioner did not have a federal habeas petition pending. (See Order filed 9/20/11 [Doc. No. 7 at 1.) On October 17, 2011, over three months after the July 5, 2011 deadline had expired, Petitioner filed a First Amended Petition along with a renewed Motion for leave to proceed in forma pauperis. (Doc. Nos. 8, 10.) Although the amended petition did not arrive at the Court until October 19, 2011, there is an indication on the Petition that Petitioner handed it to a prison official for mailing to the Court on June 21, 2011. (See Doc. No. 10 at 11); see also Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000) (holding that petitioners are entitled to the benefit of the "mailbox rule" which provides for constructive filing of court documents as of the date they are submitted to the prison authorities for mailing to the court).

Petitioner's renewed application to proceed in forma pauperis was denied because it was not accompanied by the required prison certificate showing the amount of money Petitioner had on account at the prison where he was confined. (See Order filed 10/21/11 [Doc. No. 11] at 2.) The Court noted at that time that this action remained dismissed for failure to pay the filing fee, and informed Petitioner that because the deadline to pay the filing fee had expired on July 5, 2011, the action would remain dismissed without prejudice to Petitioner to file a new habeas petition which would be given a new civil case number if he wished to proceed with his claim.

(Id.) In addition, although the First Amended Petition contained a federalized version of Petitioner's claim, the federalized verison of the claim had only been presented to the California Supreme Court in a habeas petition filed on June 3, 2011, about two weeks before Petitioner indicates that he handed the First Amended Petition to the prison authorities for filing, and about two and one-half months after Petitioner had initiated this action; the state habeas exhaustion petition was denied on October 19, 2011.[1]

On December 12, 2011, about two months after he had exhausted his claim, Petitioner filed the instant Motion to Reopen Case under Rule 60(b). (Doc. No. 14.) Petitioner requests the Court reopen this case on the basis of extraordinary circumstances beyond his control, and to allow him to pursue the First Amended Petition which contains a now-exhausted federal claim, without beginning over by filing a new federal petition. (Id.) Petitioner contends that he submitted a form to the prison trust account office on June 21, 2011, requesting the $5.00 filing fee be deducted from his account and forwarded to the Court, but was told that the request was not approved because it had not been signed by the proper prison official. (Id. at 4.) Petitioner indicates that he made six additional unsuccessful attempts to have the filing fee forwarded to the Court before eventually mailing his First Amended Petition to relatives with instructions to file the amended petition and pay the filing fee. (Id.) He thus contends that extraordinary circumstances have prevented him from timely paying the filing fee and submitting the First Amended Petition. (Id. at 5.)

Federal Rule of Civil Procedure Rule 60(b) provides for relief from a final judgment on the basis of, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect . . . [or] any other reason that justifies relief." FED. R. CIV. P. 60(b)(1),(6). Even assuming Petitioner could demonstrate that he was unable to pay the filing fee or file his First Amended Petition before the July 5, 2011 deadline due to mistake, inadvertence, surprise, excusable neglect or any other reason, including interference by prison officials, it is clear that he was not entitled to proceed

---

[1] According to the California Supreme Court website, Petitioner filed a habeas petition in that court on June 3, 2011, and it was denied on October 19, 2011, with citations to In re Waltreus, 62 Cal.2d 218, 225 (1965) and In re Miller, 17 Cal.3d 734, 735 (1941). See http://www.courtinfo.ca.gov (last visited 12/28/11).

with this action until he paid the filing fee <u>and</u> filed a First Amended Petition which contained an exhausted claim. Petitioner did not exhaust his state court remedies with respect to the sole claim presented in this action until October 19, 2011, well after the July 5, 2011 deadline. Until that time, Petitioner did not have an exhausted claim to present in this Court. Thus, even if the First Amended Petition had been timely filed and the filing fee timely paid, this action would have been subject to immediate dismissal because the First Amended Petition contained only an unexhausted claim. See <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) (stating that "[o]nce a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust.") Moreover, Petitioner waited nearly two months after his claim was exhausted before seeking leave to reopen this case.

Because Petitioner has made no effort to demonstrate diligence or excusable neglect in his <u>failure to exhaust his claim</u> (as opposed to his failure to pay the fee or file an amended petition) prior to the Court's July 5, 2011 deadline, his Rule 60(b) motion is without merit. The Court instructed Petitioner in the first Order of dismissal filed on April 12, 2011, that he was not entitled to proceed with a federal petition prior to exhausting a federal claim. Petitioner did not exhaust his federal claim until October 19, 2011, nearly seven months after initiating this action, and over three months after the July 5, 2011 deadline passed. Thus, Petitioner is required to begin again and file a new federal petition which will be given a new civil case number. Petitioner is free to argue in that new case that he is entitled to equitable tolling of the statute of limitations due to the "extraordinary circumstances" he has identified in this case, although the Court takes no position on that issue at this time. See <u>Holland v. Florida</u>, 560 U.S. ___, 130 S.Ct. 2549, 2560-63 (2010) (holding that in order to be entitled to equitable tolling a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."); <u>see also</u> <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003) (holding that petitioner bears the burden of showing that the "extraordinary circumstances" were the proximate cause of his untimeliness, rather than merely a lack of diligence on his part).

1 | Petitioner's Motion for Relief from Judgment is **DENIED**. This action remains dismissed without prejudice to Petitioner to present his claim in a new federal habeas petition which will be assigned a new civil case number. The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: January 13, 2012

_____
Hon. Roger T. Benitez
United States District Judge

CC:
    ALL PARTIES